UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-93-HRW

KAREN S. ADKINS,                                    PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a

final decision of the Defendant denying Plaintiff's application for disability

insurance benefits.  The Court having reviewed the record in this case and the

dispositive motions filed by the parties, and being otherwise sufficiently advised,

for the reasons set forth herein, finds that the decision of the Administrative Law

Judge is supported by substantial evidence and should be affirmed.


II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits on

September 9, 2003, alleging disability beginning on September 1, 1992, due to a

1985 car accident, agoraphobia, panic attacks, broken compound fractures, knee

displacement, hip pain, traumatic arthritis and back pain (Tr. 85-92).  This

application  was denied initially on October 22, 2003 and on reconsideration on

February 6, 2004.

On December 3, 2004, an administrative hearing was conducted by

Administrative Law Judge William Gitlow (hereinafter "ALJ"), wherein Plaintiff

testified.  At the hearing, Dean Owen, a vocational expert (hereinafter "VE"), also

testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not
> disabled.

> Step 2:  If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3:  If the claimant is not performing substantial gainful work and has a
> severe  impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or
> impairments) meets or medically equals a listed impairment contained in
> Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
> further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him
> from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from
> performing his past relevant work, if other work exists in significant
> numbers in the national economy that accommodates his residual functional

capacity and vocational factors, he is not disabled.

On November 15, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-1422).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffered from impairments in the left pelvis, left wrist, right hip, right ankle and left leg, which he found to be "severe" within the meaning of the Regulations (Tr. 17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17-19).

The ALJ then  found that Plaintiff could return to her past relevant work as an office worker (Tr. 19) further determined that she  has the  residual functional capacity ("RFC") to perform a significant range of light work, with certain limitations (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 21, 2006 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly evaluated her credibility and (2) the ALJ improperly discounted the opinion of her treating physician, Dr. Norman Edwards.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly evaluated her credibility.

 It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In this case, the ALJ found Plaintiff's credibility to be "less than good"  (Tr.

5

  
18) and that her allegations of disabling pain are "excessive" (Tr. 19) .  The ALJ

stated:

> The claimant represents that she has suffered severe,
> debilitating pain since her 1985 motor vehicle accident.
> However, the medical evidence shows that she dis not
> seek treatment for any musculoskeletal pain from 1987 to
> 2003, even though she had medical insurance during this
> time period.

(Tr. 18)

The ALJ further noted that although Plaintiff testified that she had difficulty

working in her garden due to pain, she reported to a treating physician that she no

longer engaged in gardening due to loss of interest in the activity (Tr. 19, 230).

The evidence of lack of treatment and inconsistent statements detracts from

Plaintiff's credibility.

Further, the ALJ found that despite allegations of disabling impairments,

Plaintff engages in a  variety of household and other daily activities.  The Sixth

Circuit Court of Appeals has stated that "[a]n ALJ may consider household and

social activities engaged in by the claimant in evaluating a claimant's assertions of

pain or ailments."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532

(6th Cir. 1997).   In this case, Plaintiff testified that during the relevant time period

she cooked, washed dishes, swept, dusted, washed laundry and visited family (Tr.

998-1002).   This level of activity belies Plaintiff's claim of disabling impairment.

Based upon the record, the Court finds that the ALJ did not err in discrediting Plaintiff's testimony. The ALJ's evaluation of Plaintiff's credibility is supported by substantial evidence on the record.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinion of her treating physician, Dr. Norman Edwards.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The October 2003 assessment by Dr. Edwards which essentially limited Plaintiff to less than a sedentary level of activity and, thus, functionally disabled, (Tr. 209-211) was explicitly rejected by the ALJ (Tr. 21). In doing so, the ALJ first pointed out the assessment was based upon a single x-ray as well as Plaintiff's subjective complaints, which, as discussed above, were not deemed credible. The ALJ also questioned whether the assessment pertained to the period of time at issue. Plaintiff admitted that she did not seek treatment until 2003 (Tr. 21, 1002). Finally, Dr. Edwards' opinion of extreme functional limitation is not consistent

7

with the other medical evidence of record.

Having reviewed the record, the Court finds that the ALJ did not err in rejecting Dr. Edwards' opinion.  The ALJ gave good reasons for not giving Dr. Edwards' assessment controlling weight, thus satisfying the procedural requirements of 20 C.F.R. § 404.1527(d)(2).  *See generally*, *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 17, 2007.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**